ANDREA KALLEBERG, ADMINISTRATRIX, ETC., RESPOND-
ENT, v. RARITAN RIVER RAILROAD COMPANY, APPEL-
LANT.

Submitted July 9, 1917—Decided November 19, 1917.

Plaintiff's intestate, intending to board a railroad train at a station
on defendant's railroad, took his stand with others on the side
of the track opposite the station platform, and between the main
track and three standing freight cars. As his train drew in,
others between the tracks attempted to board it, and one, swing-
ing out, knocked down others and finally the deceased, who was
fatally injured. *Held*, that there should have been a nonsuit or a
direction of verdict for defendant.

On appeal from the Supreme Court.

For the appellant, *Edwin F. Smith.*

For the respondent, *Jehiel G. Shipman* and *Franklin W.
Fort.*

The opinion of the court was delivered by

PARKER, J.  Plaintiff's decedent sustained fatal injuries at
a station of the defendant company called Parlin, where there
was a large manufacturing plant employing some hundreds
of men, who were accustomed to take an afternoon train at
the station for their homes.  There were several tracks, the
one nearest the station building being the regular passenger
track, the others farther away being used for switching pur-
poses.

The station was a new one and its arrangements at the
time of the accident not yet complete.  The train in ques-
tion was used by large numbers of the factory hands, who,
in the rush to get aboard and obtain seats, were accustomed
to crowd each other and leap aboard the train as it slowly
drew into the station and as it was even starting out.  Such

conditions are not uncommon at the closing hour of large manufacturing plants near railroad stations.

Prior to the day of the accident the other tracks had been clear, and the crowd of waiting workmen had occupied not only the space on the station side of the main track, but had swarmed across that track and occupied the tracks on the other side, so as to board the incoming train from both sides. On the day in question, however, three freight cars had been placed on the second track, the one next beyond the main track, so that in order to board the passenger train from that side it was necessary to stand between the standing and the moving train in a narrow space which amounted to the distance between the nearest rails of the two tracks less the overhang of a car on each; probably not over three feet, if as much. In this narrow space, which was also on a curve, the decedent and a number of others took their stand, waiting for the train; and as it it drew in, the first men that it reached undertook to climb aboard. One, according to the evidence, missed his footing, or his hand-hold, swung out from the train and by its movement was caused to strike others in the line of men between the tracks, including decedent, who was fatally hurt in the melee.

The complaint counted on negligence: (*a*) in failing to maintain a sufficiently large station; (*b*) in failing to provide sufficient room between the tracks where the passengers could stand; (*c*) in failing to provide guards to prevent the passengers from receiving injury; (*d*) in failing to provide proper equipment of the cars; (*e*) in placing the freight cars on the second track. The trial judge refused to nonsuit or to direct a verdict for defendant, and refused to charge that deceased assumed the risk of injury by taking his stand where he did. He left it to the jury to say whether the accident was such as the defendant was bound to anticipate as likely to happen.

There was error in the refusal to nonsuit and to direct a verdict. We need not determine whether there was anything to justify an inference that deceased and his companions were

invited to take their stand on the off side of the track. The place does not seem to have been prepared as a platform, and in this aspect the case is very similar to *Dieckman* v. *Delaware, Lackawanna and Western Railroad Co.,* 81 *N. J. L.* 460. In *Corson* v. *Atlantic City Railroad Co.,* 83 *Id.* 517, the inference of invitation was predicated solely on the placing of the very train that plaintiff wished to take, across the proper path to reach it. It is asserted in this case that intending passengers were forced to take stand across the track because of the crowd on the station side and the lack of room and consequent fear of being forced into the train by those behind them. We need not discuss the question whether ordinary prudence would not require them to stay in the rear of the crowd and avoid an obvious danger instead of risking their lives to be first aboard the train. It is sufficient to say that we can see nothing in the evidence to justify a jury in saying that the defendant company ought to have anticipated not only that intending passengers would place themselves in the narrow and dangerous space between the two trains—a thing that had not happened before—but that one of them would miss his hold and be the immediate cause of injury to others. And if this were a contingency to be anticipated, it was at least as obvious to the decedent as to the company, and in that case decedent assumed the risk of injury. It is argued that the regular platform accommodations were insufficient, but the argument is specious. The station adjoined a public highway, where the room was limited only by distance from the track. The train had six cars, and if it be conceded for the sake of argument that these men were justified by custom in standing on the off side of the main track to board the train, there was ample room at either end of the three freight cars to receive the overflow from the platform. The only reasonable inference is that they wished to be first aboard, and endangered their lives and limbs to accomplish that end. As we have said, the case was one for a nonsuit or direction of a verdict. The judgment of the Supreme Court will be reversed to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN,
KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.
13.